■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD N. PARLIMAN, Appellant.—Appeal from a judgment of the County Court of Otsego County, rendered October 8, 1976, convicting defendant upon his pleas of guilty of the crimes of burglary in the third degree and criminal possession of a controlled substance in the fifth degree and sentencing him to two concurrent terms of imprisonment of 7 and 15 years. At approximately 8:30 A.M. on May 20, 1976, the New York State Police, pursuant to a warrant, conducted a search of a second-floor apartment located in Schenevus, Otsego County, New York. As a result, quantities of controlled substances, hypodermic needles and syringes and a pipe with marijuana residue were discovered therein, and the Otsego County Grand Jury, in June of 1976, handed down two indictments against the defendant. In one indictment he was charged with one count of burglary in the third degree and one count of grand larceny in the third degree, and in the other he was charged with one count of criminal possession of a controlled substance in the second degree, three counts of criminal possession of a controlled substance in the

fifth degree, two counts of criminal possession of a controlled substance in the seventh degree and one count of criminally possessing a hypodermic instrument. On September 8, 1976, he pleaded guilty to one count of burglary in the third degree and one count of criminal possession of a controlled substance in the fifth degree in full satisfaction of both indictments, and he thereafter made two applications to withdraw his guilty pleas on the ground that he had been inadequately represented by his assigned counsel. Both applications having been denied, he was subsequently sentenced, as noted above, to concurrent indeterminate terms of imprisonment not to exceed 7 and 15 years. Seeking a reversal of his judgment of conviction, defendant argues firstly on this appeal that the search warrant for the Schenevus apartment was issued containing a "no-knock" provision, but without compliance with the requirements therefor as set forth in CPL 690.35 and 690.40. While conceding that no written and sworn request was made for a "no-knock" provision and that no factual basis for such a provision was alleged in the application for the warrant, we nonetheless find that these factors do not justify our disturbance of defendant's conviction. Not only is there no evidence indicating that the authorities ever sought a "no-knock" provision, but the record further establishes that, prior to entering the apartment, the police knocked on the door thereof and made known that they had a warrant. Under such circumstances, it is apparent that the presence of the disputed provision in the warrant merely resulted from clerical inadvertence in failing to blot out said provision from the form that was utilized. More importantly, it is likewise clear that defendant's constitutional right to be secure against unreasonable searches and seizures was in no way compromised by the error. As for defendant's second contention, that the evidence seized must be suppressed because the application for the search warrant was insufficient to establish probable cause for its issuance, we again must disagree. In this instance, we have a citizen informer who was an identifiable member of the community and known to the issuing Justice. Unconnected with the police and motivated solely by her public spirit and concern for the well being of the community, she personally appeared before said Justice and stated that she had observed contraband in the apartment in question. Moreover, she also signed a sworn affidavit prepared by the Justice to the same effect. Such being the case, the warrant was plainly issued upon probable cause (cf. *People v Brown,* 40 NY2d 183; *People v Hicks,* 38 NY2d 90). Defendant's remaining contentions are similarly without merit. Questions of credibility are presented with regard to the nature and quality of defendant's representation by his assigned counsel, and, particularly in view of the result achieved for defendant who was faced with a possible sentence of life imprisonment (Penal Law, § 70.00, subd 2, par [a]; § 220.18), we cannot say it was error to refuse to allow defendant to withdraw his guilty pleas on the alleged ground that he was inadequately represented. It is only where the attorney's conduct, if acting within his proper sphere as a professional advocate, is so ineffective as to make the proceedings a mockery of justice that the courts will intervene *(People v Smith,* 31 AD2d 847, 848; see *People v Droz,* 39 NY2d 457, 462). As for the sentences imposed, they were admittedly within the statutory limitations, and no extraordinary circumstances are presented which would justify our disturbance thereof *(People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861). Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.