■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY SZYMCZAK, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered January 20, 1977, upon a verdict convicting defendant of the crime of unlawful imprisonment in the first degree and sentencing him to an indeterminate term of imprisonment not to exceed four years. The conviction appealed from arose out of incidents which allegedly occurred late at night on June 10, 1973 and early in the morning on June 11, 1973 and involved defendant, three other males and the complainant, a 16-year-old girl. In *People v Cavanaugh* (48 AD2d 949), wherein this matter was previously before this court and we reversed defendant's earlier conviction of unlawful imprisonment in the first degree on the ground that he was entitled to a new trial separate from his alleged accomplices, the underlying facts are adequately set forth and need not be repeated here. Following the new trial, defendant was again convicted of unlawful imprisonment in the first degree (Penal Law, § 135.10), and he was thereafter sentenced, as noted above, to an indeterminate term of imprisonment not to exceed four years. On this appeal, defendant initially argues that statements made by the prosecution in its opening statement and summation as well as certain testimony prejudiced and substantially affected his right to a fair trial and constituted reversible error. We disagree. By this argument defendant is attacking indirectly the admission of evidence relative to the various alleged sexual attacks made by defendant and his accomplices upon the 16-year-old complainant. In our view, such evidence and the prosecution's comments thereon were entirely proper as tending to establish both a motive and intent for the charged unlawful imprisonment *(People v Molineux,* 168 NY 264) and to complete the narrative of the entire episode *(People v Gines,* 36 NY2d 932). With regard to the alleged attacks by the other male participants, we would further point out that defendant could be liable therefor since the evidence tends to establish that he aided the others in their actions (Penal Law, § 20.00). Similarly, we reject defendant's contention that the prosecution failed to establish beyond a reasonable doubt that the complainant was exposed to a risk of serious physical injury. This essential element of unlawful imprisonment in the first degree was adequately established by testimony of how the complainant was threatened with bodily harm by defendant and an accomplice. Additionally, the animalistic conduct of defendant and the other assailants, as established in the record, lends credence to the threats and strongly supports the

inference that complainant would have suffered serious physical injury had she not acceded to the attackers' demands. Defendant's remaining contentions are also lacking in substance. While there was testimony admitted into evidence that an accomplice had pleaded guilty to the crime upon which defendant was being tried, this fact was first brought to the jury's attention by defense counsel in an obvious attempt to discredit said accomplice as a witness. Moreover, there has been no showing that defendant's representation by counsel was so ineffective as to be a "mockery of justice" (People v Parliman, 56 AD2d 966, 967), and, as a potential witness, an accomplice of defendant was properly removed from the court room before the first witness testified and without any prejudice to defendant. Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Main and Mikoll, JJ., concur.