**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Dennis HINKLE, Defendant-Appellant.**

**No. 44449.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 24, 1982.

Henry Thomas, Allan Harris, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendant appeals from his conviction by a jury for felonious restraint in violation of Section 565.120 RSMo 1978 [1] and sentenced to one year in the St. Louis Medium Security Institution.

 Defendant contends that the evidence was insufficient to support the verdict since it did not establish exposure of

---

1. Section 565.120 provides as follows:

    1. A person commits the crime of felonious restraint if he knowingly restrains another unlawfully and without consent so as to interfere substantially with his liberty and exposes him to a substantial risk of serious physical injury.

the victim to a substantial risk of serious physical injury. We disagree. In determining the sufficiency of the evidence, we accept as true evidence tending to support the jury's finding and favorable inferences that can be reasonably drawn therefrom and disregard all contrary evidence and inferences. *State v. Puckett,* 611 S.W.2d 242, 244 (Mo.App.1980).

The victim was walking to her mother's house when defendant and another man drove by in a white automobile. The defendant turned the car around and asked if she wanted a ride. She declined. One of the men got out of the car and told her that he knew she was tired and they would give her a ride home. Believing the men would not harm her, she accepted. Instead of taking the victim home, the defendant drove to near Arnold, Missouri. The men stated they would hurt her if she called the police and that she was lucky they were going to take her home because they normally did not take girls home.

The defendant got into the backseat and attempted to remove her clothes. He warned her that he would hurt her if she did not cooperate. She jerked away from the defendant. He wrapped his arm around the victim's neck, bit her and proceeded to rape her. The defendant released the victim by the highway and threatened to come after her if she called the police.

The evidence was sufficient to support the verdict and establish a substantial risk of serious physical harm. *People v. Szymczak,* 60 A.D.2d 663, 400 N.Y.S.2d 199 (N.Y.App.Div.1977). The judgment is affirmed.

GUNN, C. J., and SIMON, J., concur.