**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Ronald WARREN, Defendant–Appellant.**

**No. 16179.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 13, 1989.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Donald E. Woods, Public Defender, Poplar Bluff, for defendant-appellant.

MAUS, Judge.

Count I of an information charged the defendant, Ronald Warren, with committing felonious restraint in that he "knowingly restrained C.P. unlawfully and without consent so as to interfere substantially with his liberty and exposed C.P. to a substantial risk of serious physical injury." § 565.120. Count II charged him with committing sodomy in that he "had deviate sexual intercourse with C.P., to whom defendant was not married, without the consent of C.P., by the use of forcible compulsion." § 566.060. A jury found him guilty

on both counts. He was sentenced to imprisonment for terms of five years and fifteen years to run consecutively. He does not question the sufficiency of the evidence but states three points on appeal.

Viewed favorably to the verdicts, *State v. Noerper*, 674 S.W.2d 100 (Mo.App.1984), the evidence established these basic facts. Around 1:00 a.m., the victim, age 18, 5' 2" tall, weighing 100 lbs, was walking to a friend's home after having an argument with his parents. As the victim approached the apartment house in which the defendant lived, he encountered the defendant. The defendant talked to the victim who kept walking. The defendant was 41 years old, bigger and stronger than the victim. As they passed the apartment house, the defendant grabbed the victim and pulled his arms up behind his back. He told the victim not to speak or escape. The defendant pulled the victim into the apartment elevator. He forced the victim into his apartment and to disrobe. The defendant proceeded to commit anal sodomy upon the victim. He kept the victim in the apartment three to four hours. The victim testified he was scared the defendant was going to kill him. The victim decided the defendant would have to kill him. He put on his clothes and left the apartment. At about 6:00 a.m. the victim approached the security guard, crying, and told the guard he had been raped. Police were summoned and took the victim to the station. As a result of the sodomy, for two weeks the victim was unable to control his bowels and defecated in his pants.

The defendant testified the victim asked for a place to spend the night and willingly came to his apartment. The defendant supplied the victim a couch upon which to sleep. The defendant took medication and went to bed. He testified that the victim propositioned him by getting into bed with him. The defendant declined the advances. The victim left 30 or 40 minutes after entering the apartment. The defendant had no explanation concerning the victim's whereabouts until 6:00 a.m. when he approached the security guard. The jury rejected the testimony of the defendant.

■ Defendant's first point is that the trial court erred in admitting the following evidence.

"Q. Did you [the victim] talk to [the officers] more at the police station?

A. Yes.

Q. Did you give a statement?"

The defense objected on the basis the question was irrelevant, immaterial and bolstered the witness' testimony. The trial court overruled the objection. The victim said "Yes."

"Testimony of prompt complaint is always admissible, in a rape case, as an element of corroboration.

. . . .

... While a witness may not testify as to the details of the complaint, some facts may be given to show the nature of the complaint, such as the circumstances under which it was made, the condition of the victim when the complaint was made or that the victim exhibited marks of violence."

*State v. Van Doren*, 657 S.W.2d 708, 716 (Mo.App.1983). In this case, the witness testified only that he made a statement and did not relate any information concerning its contents. The evidence established it was a "prompt" complaint within the time limits of the doctrine. See *State v. Van Doren*, supra. Defendant's first point has no merit.

■ Defendant's second point on appeal is the court erred in denying his motion to sever Counts I and II. Defendant argues "the alleged sodomy and the alleged felonious restraint are not the same or similar character and are not part of the same transaction and are not a common scheme or plan as required by Supreme Court Rule 23.05." This argument is patently false. The two counts were properly joined under the cited Rule. That being so, to establish error the defendant must establish "a particularized showing of substantial prejudice." Rule 24.07(b). He attempts to do this by arguing the jury "would be unable to distinguish the evidence of the alleged sodomy and of the alleged felonious restraint and to apply the law intelligently as to each offense."

An extended discussion of this argument is not necessary. It is sufficient to observe the evidence was direct and unambiguous and the elements of each offense were concisely and clearly set out in the verdict directing instructions. It is apparent the "trier of fact [could] realistically distinguish the evidence and apply the law intelligently to each offense." *State v. Sims*, 764 S.W.2d 692, 697 (Mo.App.1988). The point is denied.

■ By his third point, the defendant claims the evidence was insufficient to establish that the defendant exposed the victim to a substantial risk of serious physical injury, as required by § 565.120. He argues the victim's loss of control over his bowels for two weeks is not a "serious physical injury".

It is not necessary to determine if the loss of bowel control for two weeks is "protracted loss or impairment of the function of any part of the body." § 565.002(6). Cf. *State v. Quinn*, 717 S.W.2d 262 (Mo.App.1986); *State v. Mentola*, 691 S.W.2d 420 (Mo.App.1985); *State v. Mace*, 665 S.W.2d 655 (Mo.App.1984). It is not necessary that a defendant inflict serious physical injury upon a victim to commit the offense of felonious restraint. All that is required is that a defendant "expose[ ] [the victim] to a *substantial risk* of serious physical injury." § 565.120 (emphasis added.) Cf. *State v. Terrell*, 751 S.W.2d 394 (Mo.App.1988).

■ Whether or not unlawful restraint exposes a victim to a risk of serious physical injury is to be determined from all of the circumstances. "For example, locking a person in a closet may be false imprisonment. However, if the circumstances entail a risk of suffocation, the act is felonious restraint." The New Missouri Criminal Code: A Manual for Court Related Personnel. 10.17 Felonious Restraint (§ 565.120) (Comments). It is appropriate to place emphasis upon the propensity and the ability of the defendant to inflict such injury. An example has been summarized in the following terms. "These actions: the drive at a high rate of speed through a city for a sustained time, heedless of traffic signals, engendered a risk of collision and serious physical injury, and the speed-up antic when the prosecutrix threatened to jump only enhanced the already serious peril of injury which that escape maneuver entailed. The elements of Sec. 565.120 were proven." *State v. Salkil*, 659 S.W.2d 330, 334 (Mo.App.1983).

The evidence of defendant's size and strength should have been more specific. There was evidence he was bigger and stronger than the victim. His apparent strength was enough to cause the victim to be afraid the defendant would kill him. By twisting the victim's arms behind his back, the defendant forced the victim to the defendant's apartment. The defendant said he was unemployed because he was suffering from a nervous disorder and depression. Before encountering the victim, the defendant had been shooting pool in a tavern. When he reached the apartment he took some medication for depression. The victim submitted because of the arm twisting and fear. Had he resisted, the evidence carries a reasonable inference the defendant would have accomplished his purpose by further violence. The jury was entitled to conclude that under those circumstances the defendant's determination to engage in his perverted attack upon the victim subjected the victim to a substantial risk of serious physical injury. Cf. *State v. Hinkle*, 638 S.W.2d 804 (Mo.App.1982). The defendant's third point is denied and the judgment is affirmed.

FLANIGAN, P.J., and PREWITT, J., concur.