STATE of Missouri, Respondent,

v.

Timmis COBBINS, Appellant.

No. ED 76627.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 27, 2000.

Richard H. Sindel, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara K. Chesser, Asst. Atty. Gen., Jefferson City, for respondent.

LAWRENCE G. CRAHAN, Judge.

Timmis Cobbins ("Defendant") was convicted following a jury trial of felonious restraint in violation of section 565.120 RSMo 1994,[1] felony stealing in violation of section 570.030,[2] and misdemeanor proper-

---

1. All further statutory references are to RSMo 1994.

2. The Judgment and Sentence indicates Defendant was convicted of "Robbery Second."

ty damage in the second degree in violation of section 569.120. He was sentenced as a prior and persistent offender to consecutive terms of twenty years imprisonment on the felonious restraint charge and twenty years imprisonment on the felony stealing charge and a concurrent term of six months imprisonment on the charge of misdemeanor property damage. This appeal followed.

The facts viewed in the light most favorable to verdict are as follows. On August 26, 1998, at approximately 6:35 a.m., Victim, a fifty-five year old woman with cerebral palsy, was walking from her home on Beverly Drive in St. Charles, Missouri to attend church. At some point, Defendant stopped and offered Victim a ride. Victim accepted and got into the car. She immediately noticed that Defendant was driving in the wrong direction.

After Defendant crossed over Interstate 70, he reached over Victim and locked the car door. Victim told Defendant that she wanted out of the car, but he said, "[N]o we're going for a ride." Defendant then told Victim that he wanted her money. Victim had approximately $80 in her purse which was on her left shoulder when she entered the car. Defendant unzipped Victim's purse and took her wallet with the money in it, telling Victim he wanted the money for drugs and to fix his girlfriend's car.

Defendant drove Victim to the intersection of Boonslick and Cunningham and pulled into a driveway there. He removed Victim's glasses and punched out the lenses. Defendant threw one of the lenses in the car and threw the other one into the driveway, before returning the frames to Victim. Victim testified that without her glasses her vision was "[a] little blurred." Victim then exited the car and walked to

her church at which point the police were summoned.

In his first point, Defendant contends the trial court erred in overruling his motion for judgment of acquittal on the felonious restraint count. Defendant contends the evidence was insufficient to establish his guilt beyond a reasonable doubt because the State offered no evidence that Defendant exposed Victim to a substantial risk of serious physical injury. We agree.

█ In assessing the sufficiency of the evidence, we consider all the evidence and the reasonable inferences drawn therefrom in the light most favorable to the verdict and disregard all evidence to the contrary. *State v. Smith*, 902 S.W.2d 313, 315 (Mo. App.1995); *State v. Zimmerman*, 886 S.W.2d 684, 691 (Mo.App.1994). Appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.*

Felonious restraint is defined in section 565.120.1 as follows:

A person commits the crime of felonious restraint if he knowingly restrains another unlawfully and without consent so as to interfere substantially with his liberty and exposes him to a substantial risk of serious physical injury.

█ Whether the victim suffered serious physical injury is irrelevant. *State v. Warren*, 779 S.W.2d 751, 753 (Mo.App. 1989). Also, the use of a dangerous weapon is not required to prove felonious restraint. *State v. Smith*, 902 S.W.2d at 315. The offense simply requires that a defendant unlawfully restrain the victim and expose the victim to a substantial risk of serious physical injury. *Id.*

█ Section 565.002(6) defines "serious physical injury" as a "physical injury that

---

This notation appears to be a mistake on the part of the trial court as the verdict indicates a conviction for felony stealing. Neither party complains of this error and the sentence imposed is within the authorized range for

the charge for which Defendant was properly convicted. *See Sections 570.030 and 558.016*. For the sake of clarity, the trial court is directed to correct the judgment as to this count on remand.

creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." A protracted loss or impairment of the function of any part of the body entails an injury short of permanent but more than a short duration. *Smith*, 902 S.W.2d at 315. Further, an impairment of the function of any part of the body means damage, injury or deterioration and is distinguishable from "loss" of function. *Id.*

■ There is no dispute that Defendant restrained Victim so as to interfere with her liberty. Defendant contends, however, that the State failed to present sufficient evidence that this restraint exposed Victim to a substantial risk of serious physical injury.

■ Whether unlawful restraint exposes a victim to the risk of serious physical injury is to be determined from all of the circumstances. *Warren*, 779 S.W.2d at 753. Missouri courts have focused on the defendant's behavior for evidence of physical intimidation or violence which, if repeated or carried further, could have seriously injured the victim or threats of or the propensity to commit violence which, if carried out, could have seriously injured the victim. *Smith*, 902 S.W.2d at 315. In *Smith*, the defendant grabbed the victim's wrist and led her into the garage of an adjoining house. 902 S.W.2d at 316. Once inside the garage, the defendant forced his pipe into victim's mouth and sodomized her. *Id.* This court, while noting the heinous and reprehensible nature of the defendant's acts, found that the State failed to make a submissible case on the charge of felonious restraint. *Id.* The defendant's act of forcing a pipe down victim's throat did not create a substantial risk of death nor was this act capable of "causing serious disfigurement or protracted impairment of any part of [v]ictim's body." *Id.* Moreover, the State's contention that the defendant exposed the victim to a substantial risk of serious physical injury by sodomizing her, as his actions could have

exposed her to AIDS or damaged her vagina or uterus, was rejected because there was no evidence to support the alleged propensities. *Id.*

In the present case, Victim entered Defendant's vehicle voluntarily. As in *Smith*, Defendant never threatened Victim with physical injury. *See Smith*, 902 S.W.2d at 316. Victim testified that Defendant was not armed and did not even touch her when he removed her wallet from her purse. Although Defendant did pull Victim's glasses off her face, such physical contact is less significant than the defendant's actions in *Smith* and there is no evidence that his actions caused any type of serious disfigurement or protracted impairment of any part of her body. Furthermore, Victim exited the car without a struggle.

The State contends that Defendant's abandonment of Victim after removing her lenses exposed her to a substantial risk of serious physical injury as she could have been hit by a passing car or fallen. We disagree. Victim knew where she was when she exited the vehicle. Moreover, she did not remain in the area where she exited the vehicle. Instead, she walked to her church, taking a shortcut through a cemetery to summon the police. Victim testified that her vision was only "a little blurred" without her glasses. She did not indicate that her vision was significantly impaired. Thus, there is no evidence to substantiate the State's allegations of the propensity of Victim to be injured after Defendant removed the lenses from her glasses. Therefore, although Defendant's actions were reprehensible, there is insufficient evidence to support Defendant's conviction of felonious restraint.

■ Where a conviction of a greater offense has been overturned for insufficiency of the evidence, the reviewing court may remand for entry of a conviction on the lesser-included offense if the evidence was sufficient for the jury to find each of the elements of the lesser-included offense

and the jury was required to find those elements in reaching its verdict on the greater offense. *State v. Trotter*, 5 S.W.3d 188, 194 (Mo.App.1999). False imprisonment is a Class A misdemeanor. Section 565.130.2. It is a lesser included offense of felonious restraint. *State v. Baker*, 791 S.W.2d 939, 941 (Mo.App.1990). In order to prove false imprisonment the State had to prove Defendant knowingly restrained Victim unlawfully and without consent so as to interfere substantially with her liberty. Section 565.130.1.

Defendant does not dispute that the evidence was sufficient to support entry of conviction on the lesser-included offense. Although Victim entered the car voluntarily, Defendant began to drive in the wrong direction and then locked the doors. Victim asked to be let out but was told she would not be hurt and that Defendant needed money. Only after taking her money and punching out Victim's glasses, did Defendant inform her that she was free to leave. This is sufficient proof that Victim was restrained without her consent so as to substantially interfere with her liberty. Inasmuch as the jury necessarily found the elements of false imprisonment in convicting Defendant of felonious restraint, we remand for entry of judgment and sentencing for false imprisonment. As Defendant is a prior and persistent offender, the trial court can determine his sentence for this crime on remand.

In his second point on appeal, Defendant claims the trial court erred when it allowed Detective Michael Harvey ("Detective Harvey") to testify as to statements made to him by DeWayne Thomas ("Thomas") that Defendant had been with him on the morning of the incident and was driving a car similar to the description given by Victim. He claims this testimony constitutes inadmissible hearsay and prejudiced him.

Although Defendant objected to this testimony at trial, he failed to raise this claim of error in his motion for a new trial. An allegation of error must be included in a motion for a new trial to be preserved for appellate review. Rule 29.11(d); *State v. Clemons*, 946 S.W.2d 206, 224 (Mo. banc 1997). Accordingly, we only review for plain error. Rule 30.20. The plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review. *Clemons*, 946 S.W.2d at 224. An appellant must demonstrate that manifest injustice or miscarriage of justice will occur if the error is not corrected. *Id.* We have reviewed the record and find no plain error. Extended discussion would be of no precedential value. We deny this point pursuant to Rule 30.25(b).

The judgment is affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion.

MARY RHODES RUSSELL, C.J., Concurs.

CHARLES B. BLACKMAR, Sr. J., Concurs.