STATE of Missouri, Respondent,

v.

John W. VANDEVERE, Appellant.

No. SC 86802.

Supreme Court of Missouri,
En Banc.

Oct. 18, 2005.

Rehearing Denied Nov. 22, 2005.

**108**

Randy S. Anglen, Branson, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lacey R. Searfoss, Asst. Atty. Gen., Jefferson City, for Respondent.

RONNIE L. WHITE, Judge.

## I.

John W. Vandevere (Appellant) challenges his conviction for sexual abuse alleging the trial court erred when finding sufficient evidence that he had sexual contact with the victim by use of forcible compulsion.[1] This Court has jurisdiction, Mo. Const. art. V, sec. 10. The judgment is affirmed.

## II.

■ In reviewing the sufficiency of the evidence in a court-tried criminal case, the appellate court's role is limited to a determination of whether the state presented sufficient evidence from which a trier of fact could have reasonably found the defendant guilty.[2] "The Court examines the evidence and inferences in the light most favorable to the verdict, ignoring all contrary evidence and inferences."[3]

■ "A person commits the crime of sexual abuse if he subjects another person to sexual contact by the use of forcible compulsion."[4] "Sexual contact means any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person."[5] Forcible compulsion is defined as: "physical force that overcomes reasonable resistance," or "a threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of himself or another person."[6] "Physical force is simply force applied to the body."[7] "The force involved need not come after the victim has physically resisted."[8] "Rather, the force used must be calculated to overcome the victim's resistance."[9]

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

2. *State v. Niederstadt,* 66 S.W.3d 12, 13–14 (Mo. banc 2002).

3. *Id.*

4. Section 566.100.1.

5. Section 556.061(30).

6. Section 556.061(12).

7. *Niederstadt,* 66 S.W.3d at 15.

8. *Id.*

9. *Id*

"Reasonable resistance is that which is suitable under the circumstances."[10] "Certainly, the law does not require or expect utmost resistance to a sexual assault when it appears that such resistance would be futile or would provoke a more serious injury."[11] "In determining if the force used is sufficient to overcome reasonable resistance, the court does not look to any single fact but to the totality of the circumstances."[12] "Among the factors taken into account in considering the totality of the circumstances are whether violence or threats precede the sexual act; the relative ages of the victim and accused; the atmosphere and setting of the incident; the extent to which the accused was in a position of authority, domination, and control over the victim; and whether the victim was under duress."[13] "Each case necessarily turns on its own facts."[14]

### III.

The evidence adduced at trial, when reviewed in the light most favorable to the verdict, revealed the following: Appellant met the victim at a national competition sponsored by the organization "American Kids" that was held in Branson, Missouri. Appellant was operating a souvenir booth located in close proximity to where the victim and her mother were selling flowers. After initiating several conversations with the victim and her mother, Appellant obtained the mother's consent to have the victim model clothing for a dance group his wife directed.

To the victim's surprise, Appellant took her to his hotel room for the modeling, rather than a clothing store or other public place as she had anticipated. At the hotel, Appellant took the victim's hand and led her to his room, and once inside, he chained and deadbolted the door. He then produced some clothing from his suitcase for the victim to model and instructed her to change clothing in the bathroom. Each time she emerged from the bathroom in a different outfit, Appellant grasped her hand and jerked her arm to pull her toward him and either sat her on his knee or else stood her between his legs. Once Appellant positioned her, he rubbed his hand from her neck all the way down her back and over her buttocks. He also rubbed her thighs and rubbed her vagina through her clothing. He exposed her breasts and fondled and kissed them.

The victim testified that when they arrived at the hotel, she "was kind of shocked," and that she was "trying to figure out what we were doing and that's when he grabbed my hand and we started walking." She further testified that she was "nervous" and "didn't know what was going on" when Appellant grabbed and touched her in the locked room. She stated that she cried when he touched her and kissed her breasts, but she didn't say anything because she was "really scared" and "didn't know what was going on."

Additional testimony revealed that, before leaving the hotel, the Appellant gave the victim some of the clothing she tried on, kissed her on her mouth and instructed her not to tell anyone what had happened. On the way back to the competition, Appellant reportedly invited the victim back to his hotel room so he could help her with her "self-esteem," and once back at their vending booths Appellant kissed the victim

10. *State v. Spencer,* 50 S.W.3d 869, 874 (Mo. App.2001).

11. *Niederstadt,* 66 S.W.3d at 15.

12. *Id.*

13. *Id.*

14. *Id.*

on the back of her neck, again without her consent. Soon after, the victim reported Appellant's actions to the local authorities.

## IV.

Appellant does not contest that the sexual contact element of the crime was established beyond a reasonable doubt. His sole argument is that the evidence is insufficient to prove that this contact was the result of "forced compulsion."

At the time of the alleged abuse, Appellant was fifty-eight years old while the victim was sixteen years old. He was approximately six feet tall and weighed 220 pounds, while the victim was five feet three inches tall and weighed 103 pounds. Appellant used his age and position as a participant in a national child's competition to cast the image of being that of a responsible adult, an authority figure to children, an authority worthy of a mother's consent to allow interaction with her child.

Appellant, to the victim's surprise, took the victim to a private hotel room and locked her inside with both a deadbolt and chain lock eliminating her path of retreat. Appellant physically pulled the victim to his lap multiple times and engaged in the sexual contact without her consent. The victim cried during the sexual contact, indicating that she was under duress. Appellant, because of his size and the isolated location of the crime, dominated and controlled the victim. This victim was too young, too frightened and too small to mount a greater level of resistance, and more resistance may have proved futile or could have provoked a more serious injury. Under the totality of the circumstances of this case, there is sufficient evidence that the physical force exerted by Appellant was sufficient to overcome the victim's reasonable resistance.

## V.

The judgment is affirmed.

All concur.