

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED100143 |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | |
| | ) | |
| DARRION MOORE, | ) | Honorable Dennis M. Schaumann |
| | ) | |
| Defendant/Appellant. | ) | Filed: May 20, 2014 |

### Introduction

Darrion Moore (Appellant) appeals from the trial court's judgment convicting him of attempted first-degree statutory sodomy and sentencing him to ten years in prison. We affirm.

### Factual and Procedural Background

On the evening of June 19, 2011, Victim was a 10-year-old with Down's syndrome and her sister, Witness, was 15 years old. Appellant is the girls' uncle by marriage. They all lived together with the girls' mother, stepfather and siblings. The girls' mother and stepfather were not home on the evening at issue. Witness testified that at home, prior to the incident, Appellant watched a pornographic movie. Not long after that, Witness testified she found the door of the girls' bedroom closed and locked, when the house rule was it was supposed to remain open at all times. Witness pried open the lock and upon opening the door, saw Appellant standing straddled over Victim, who was asleep face down on the bed with her pants and underwear pulled down, exposing her buttocks. Appellant's pants and underwear were also down, and his penis was

exposed and erect. He was standing with one leg on the floor and one leg over Victim on the bed and appeared to Witness to be climbing off Victim. Witness started hitting Appellant and chased him out of the room.

Appellant admitted standing over Victim as Witness found him, but denied having the intent to penetrate Victim with his penis.

Appellant was charged by indictment with attempted first-degree statutory sodomy or in the alternative first-degree child molestation. On January 10, 2013, after the close of the State's evidence in a one-day bench trial, Appellant moved for acquittal which the trial court denied. Appellant did not present any evidence. The trial court asked the parties to submit written memoranda to the court in support of their respective positions, and after consideration thereof, found Appellant guilty of attempted first-degree statutory sodomy and sentenced him to ten years' imprisonment. This appeal follows. In his sole point on appeal, Appellant claims the trial court erred in failing to grant his motion for acquittal because there was insufficient evidence to find beyond a reasonable doubt that he intended to engage in deviate sexual intercourse with Victim.

Standard of Review

This Court reviews the denial of a motion for acquittal to determine if the State adduced sufficient evidence to make a submissible case. State v. Sistrunk, 414 S.W.3d 592, 596 (Mo.App. E.D. 2013). We will affirm a trial court's denial of a motion for judgment of acquittal if, at the close of evidence, there was sufficient evidence from which reasonable persons could have found the defendant guilty of the charged offense. Id. The sufficiency of the evidence in a court-tried criminal case is determined by the same standard as in a jury-tried case. State v. Lanier, 985 S.W.2d 377, 379 (Mo.App. E.D. 1999). In considering whether the evidence is

2

sufficient to support the jury's verdict, we must look to the elements of the crime and consider each in turn to determine whether a reasonable juror could find each of the elements beyond a reasonable doubt. State v. Grim, 854 S.W.2d 403, 405 (Mo.banc 1993), citing State v. Dulany, 781 S.W.2d 52, 55 (Mo.banc 1989). Therefore, under the Dulany standard, we are required to take the evidence in the light most favorable to the State and grant the State all reasonable inferences from the evidence, disregarding all contrary inferences. Grim, 854 S.W.2d at 405.

Discussion

A person commits the crime of first-degree statutory sodomy if he has deviate sexual intercourse with another person who is less than fourteen years old. Section 566.062.1.[1] Deviate sexual intercourse includes any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person. Section 566.010(1). A person is guilty of an attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. Section 564.011.1. A substantial step is conduct which is strongly corroborative of the actor's purpose to complete the commission of the offense. Id.

Accordingly, we must determine if the State demonstrated conduct by Appellant which was strongly corroborative of his purpose to commit an act involving his genitals and Victim's hand, mouth, tongue, or anus or penetration of Victim's vagina or anus for the purpose of sexually gratifying himself.

The attempted sodomy statute does not require that an actual or specific attempt be made to perform each and every element of the crime. State v. Bolen, 731 S.W.2d 453, 458 (Mo.App.

[1] All statutory references are to RSMo 2006, unless otherwise indicated.

E.D. 1987). The intent of the accused in an attempt case is rarely susceptible of direct proof; the circumstances of the case must be closely examined. State v. Kendus, 904 S.W.2d 41, 43 (Mo. App. S.D. 1995).

In the instant case, the surrounding circumstances indicate Appellant's intent to commit deviate sexual intercourse with Victim. He closed and locked the bedroom door behind him and of the three girls asleep in the room, chose a victim who was a heavy sleeper and had cognitive and communicative difficulties. In choosing this particular victim, Appellant had a greater likelihood of eluding discovery. Appellant removed his and Victim's clothing, exposing her buttocks as she lay in a facedown position. Appellant had an erection and was physically poised in a mounted position with his leg over her. It is reasonable to infer from this scenario that Appellant stopped and dismounted Victim only because Witness broke through the locked door, saw what he was doing and confronted him and but for Witness's interruption and confrontation, Appellant would have continued his course of conduct to have deviate sexual intercourse with Victim as he was literally physically poised to do so.

Appellant argues there is insufficient evidence to support his conviction because it is equally likely that he intended to rub his penis on Victim's body, masturbate, insert his penis in Victim's vagina, or her anus, or perform some other sex act. Appellant is arguing the equally valid inferences doctrine, i.e., that the State was under an affirmative duty to disprove every reasonable hypothesis except that of guilt. This doctrine has been rejected by our Supreme Court. Grim, 854 S.W.2d at 405-08; State v. Chaney, 967 S.W.2d 47, 54 (Mo.banc 1998). Such an argument is also ineffective because it does not dispute that there was sufficient evidence from which the trial court could have found Appellant intended to commit a deviate sexual act upon Victim as set forth in Section 566.010(1). And finally, given the deference which is due to

4

the trial court's findings, Appellant has not shown that this finding was unreasonable.  Dulany, 781 S.W.2d at 55; Grim, 854 S.W.2d at 405; Chaney, 967 S.W.2d at 54.

A defendant's overt act need not be the ultimate step toward or the last possible act in the consummation of the crime attempted.  Kendus, 904 S.W.2d at 43.  As the trier of fact, the trial court was permitted to draw reasonable inferences from the evidence as the evidence will permit. State v. Immekus, 28 S.W.3d 421, 426 (Mo.App. S.D. 2000).  We find the trial court made a reasonable inference from the facts and circumstances of this case that Appellant intended to perform deviate sexual intercourse with Victim's person as described above when caught by Witness and thus there was sufficient proof that Appellant was guilty of the crime of attempted first-degree statutory sodomy.  Point denied.

### Conclusion

The trial court's judgment is affirmed.

_____
Sherri B. Sullivan, J.

Lawrence E. Mooney, P.J., and
Robert G. Dowd, Jr., J., concur.