

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED101892 |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | |
| | ) | Honorable Daniel G. Pelikan |
| HERMES MENDEZ, | ) | |
| | ) | |
| Defendant/Appellant. | ) | Filed:  April 12, 2016 |

### Introduction

Hermes Mendez (Appellant) appeals from the trial court's judgment entered upon a jury verdict convicting him of forcible sodomy and felonious restraint and sentencing him to a total of twelve years in prison.  We affirm and remand for correction of clerical error.

### Factual and Procedural Background

Twenty-year-old Victim and twenty-five-year-old Appellant were married with a one-year-old daughter and a three-year-old daughter at the time of the events leading up to the charges against Appellant for second-degree domestic assault, forcible sodomy, and felonious restraint.  Appellant was charged with second-degree domestic assault for attempting to cause physical injury to Victim by holding her head under water, forcible sodomy for having deviate sexual intercourse with Victim by forcible compulsion, and felonious restraint for restraining Victim without her consent and exposing her to a substantial risk of serious physical injury.

The facts supporting these charges are as follows. On March 16, 2012, Appellant and Victim were home watching TV, when Appellant accused Victim of being a slut and a whore and punched her in the head. Appellant then went into the bathroom, where he filled the bathtub with water and assembled the following items: a hammer, cell phone chargers, shoelaces, and a strip of cloth torn from a pair of their daughter's pants.

Appellant called Victim into the bathroom and proceeded to tie her hands behind her back with the shoelaces, tie her feet with the cell phone chargers, tie the strip of pants around her mouth, and told her to get into the bathtub. Victim got into the bathtub. Appellant then asked her who she had been sleeping with. Victim did not answer. Appellant started repeating the question, and every time Victim did not answer, he dunked her head under water. Victim finally told Appellant she had slept with someone so he would stop putting her head under water. Appellant then untied and released her.

Later that evening, when Victim went into the bathroom, she saw Appellant had assembled some cucumbers and had spread Vaseline petroleum jelly on them as well as the hammer. Appellant then accused Victim of being a whore and said he was going to treat her like one. Appellant held the hammer in a threatening manner and told her to bend over. Appellant tried to put the hammer into Victim's anus, and Victim protested and said it was dirty. Appellant then retrieved one of the cucumbers and put it into Victim's anus. Victim said it was very painful and she screamed for Appellant to stop. Appellant tried to put the other cucumber in Victim's anus as well. Appellant then told Victim to take a shower because she smelled like "poop" and disgusted him.

Still later that evening, Victim tried to call 911 on their shared cell phone, but Appellant stopped her and took the battery out of the phone. Victim then tried escaping the house but

Appellant grabbed her and choked her. When the three-year-old daughter told Appellant to leave Victim alone, Appellant hit her.

The next morning, before he left the house to go to the store, Appellant told Victim he wished he had killed her the night before. Once Appellant left the house, Victim took her daughters and ran out the back door. A passerby motorist stopped and took them to the police station, where Victim told Detective Michael Myers (Detective Myers) what Appellant had done to her. Victim was transported to the hospital for a sexual assault examination. The attending nurse took photographs of Victim's injuries, which included a bruised and swollen eye; scratches on the back of her neck, shoulder and left hand; a bite mark on her back; bruises on her shoulder, arm, knees, and ankles; linear marks on her wrists; abrasions on her ankles; and bruising to Victim's anal area.

At Appellant and Victim's home, police found Appellant and arrested him. In the bathroom Detective Myers and two accompanying police officers found shoelaces; coaxial cable; a hammer with a Vaseline-coated handle; a wet towel with a cucumber, wrench, and phone charger inside; a cucumber in the trashcan; a half-empty jar of Vaseline; scissors; and a pair of pink children's pants, with a portion cut off. Both cucumbers had a significant amount of Vaseline on them. A DNA analysis of the cucumbers revealed Victim's DNA on one and Victim's and Appellant's DNA on the other. The DNA analyst observed brown stains on one of the cucumbers consistent with fecal material.

Appellant was charged by indictment with second-degree domestic assault (Count I), forcible sodomy (Count II), and felonious restraint (Count III). A jury trial was held June 2, 2014, through June 4, 2014. The jury found Appellant guilty of forcible sodomy and felonious restraint (Counts II and III), and not guilty of second-degree domestic assault (Count I).

Appellant was sentenced to nine years on Count II and three years on Count III, to be served consecutively for a total of twelve years. This appeal follows. Additional facts pertinent to the points on appeal will be adduced as necessary.

## Points on Appeal

In his first point, Appellant claims the trial court abused its discretion in admitting evidence of his alleged prior abuse of Victim because, as evidence of uncharged crimes or prior bad acts, its admission violated his right to be tried only on the charged offenses.

In his second point, Appellant asserts the trial court erred in overruling his motion for judgment of acquittal of felonious restraint at the close of all of the evidence because the evidence was insufficient to establish beyond a reasonable doubt Victim was exposed to a substantial risk of serious physical injury, as evidenced by the jury's acquittal on the domestic assault charge.

In his third point, Appellant maintains the trial court made a clerical error in its written judgment of conviction and sentence on Counts I and II because he was convicted and sentenced on Counts II and III and acquitted of Count I.

## Standards of Review

The trial court has broad discretion to admit or exclude evidence at trial and this Court will reverse only upon a showing of a clear abuse of discretion. State v. Chaney, 967 S.W.2d 47, 55 (Mo.banc 1998).

This Court reviews the denial of a motion for acquittal to determine if the State adduced sufficient evidence to make a submissible case. State v. Moore, 432 S.W.3d 779, 781 (Mo.App. E.D. 2014). We will affirm a trial court's denial of a motion for judgment of acquittal if, at the close of evidence, there was sufficient evidence from which reasonable persons could have found the defendant guilty of the charged offense. Id. In considering whether the evidence is sufficient

to support the jury's verdict, we must look to the elements of the crime and consider each in turn to determine whether a reasonable juror could find each of the elements beyond a reasonable doubt. Id. We are required to take the evidence in the light most favorable to the State and grant the State all reasonable inferences from the evidence, disregarding all contrary inferences. Id.

Discussion

Point I – Admission of Evidence of Prior Abuse

Appellant filed a motion in limine to exclude evidence of uncharged prior bad acts, specifically his prior domestic abuse of Victim. On April 15, 2013, the trial court initially granted the motion, but after hearing additional argument on June 2, 2013, decided to overrule the motion, specifically stating:

> THE COURT: All right. The Court is going to reconsider its ruling from April the 15th of 2013 and will re-rule on that and motion in limine No. 7 and No. 8. I'm going to reverse my ruling of April 15th and allow evidence of prior bad acts. I find the totality of the circumstances, the violence that proceeded [sic] this act, the age differential of the victim, the atmosphere and setting of this incident, and authority position of this defendant, his domination and control over the victim, and the fact [that] this victim was under duress, the relevance here outweighs the prejudicial fact. So I'm going to allow the evidence of prior bad acts within reason.

At trial, Victim testified the one time she used their cell phone without Appellant's permission, "[h]e gave me a really bad beating." Victim testified a week before the incidents in the instant case, Appellant had punched her in the face near her eyes, and the bruising was still visible a week later, which the attending nurse had noted and photographed. The trial court admitted Exhibits 3 and 4, photographs of Victim's bruised eye. When asked how she got the bruises to her eye, Victim stated, "[h]e hit me." The attending nurse also testified at trial some of the bruises on Victim's knee appeared to be older. Victim also testified whenever she left the house, Appellant kept one of their daughters with him at the house to ensure Victim's return.

5

This evidence was admissible to show why Victim complied with Appellant's request to come into the bathroom and to get into the tub. It was also relevant to demonstrate why Victim did not fight Appellant when he assaulted her with the cucumbers and hammer, and did not attempt to call the police or escape the house the night of the incidents.

Reasonable resistance is that which is suitable under the circumstances. State v. Vandevere, 175 S.W.3d 107, 109 (Mo.banc 2005). The law does not require or expect utmost resistance to a sexual assault when it appears that such resistance would be futile or would provoke a more serious injury. Id. Here, evidence of past abuse as well as the threatening manner in which Appellant held the hammer above Victim's head was relevant under the circumstances to help the jury understand why Victim did not resist and that her lack of resistance did not indicate consent, but rather indicated she was under duress.

In determining if the force used is sufficient to overcome reasonable resistance, the court does not look to any single fact but to the totality of the circumstances. Id. "Among the factors taken into account in considering the totality of the circumstances are whether violence or threats precede the sexual act; the relative ages of the victim and accused; the atmosphere and setting of the incident; the extent to which the accused was in a position of authority, domination, and control over the victim; and whether the victim was under duress." Id. Here, the trial court took these factors into account in its decision to allow the jury to hear some evidence of Appellant's prior abuse of Victim to understand the totality of the circumstances surrounding Victim's apparent passivity in the face of Appellant's sexual assault of her. Victim knew it would not be reasonable to

6

resist Appellant's actions and demands because of the violent repercussions she would face if she did so, as well as harm to her children.

For these reasons, the trial court did not clearly abuse its broad discretion in admitting some evidence of Appellant's prior abuse of Victim. Chaney, 967 S.W.2d at 55. Point I is denied.

## Point II – Denial of Acquittal of Felonious Restraint

A person commits the crime of felonious restraint if he knowingly restrains another unlawfully and without consent so as to interfere substantially with her liberty and exposes her to a substantial risk of serious physical injury. Section 565.120.[1] Serious physical injury is injury that creates a substantial risk of death, or causes serious disfigurement or protracted loss or impairment of a body part's function. Section 565.002(6). Appellant claims insufficient evidence was presented to establish beyond a reasonable doubt that he exposed Victim to a substantial risk of serious physical injury because she had only a few bruises and scratches and "possibly" a bite mark. He also claims the forcible sodomy only resulted in bruising but no tearing, ripping, or bleeding. Appellant concludes these minor injuries were not life-threatening, caused no serious disfigurement, and resulted in no permanent impairment of the function of any part of Victim's body.

In establishing the elements of felonious restraint, whether the victim suffered serious physical injury is irrelevant. State v. Smith, 902 S.W.2d 313, 315 (Mo.App. E.D. 1995). Therefore, Appellant's assertion that Victim, in his opinion, did not suffer serious physical injury but only scratches and bruises, fails to lend support to his contention the State failed to prove he committed felonious restraint.

---

[1] All statutory references are to RSMo 2012, unless otherwise indicated.

7

Appellant also maintains to convict him of second-degree domestic assault, the jury had to find beyond a reasonable doubt he attempted to cause Victim physical injury. Because the jury acquitted him of second-degree domestic assault, Appellant maintains it could not have found him guilty of the serious physical injury element of felonious restraint.

Again, in proving felonious restraint, whether the victim actually suffered serious physical injury is irrelevant. Smith, 902 S.W.2d at 315. The relevant issue is whether the perpetrator exposed her to a substantial risk of serious physical injury. Section 565.120. Whether unlawful restraint exposes a victim to the risk of serious physical injury is to be determined from all of the circumstances. Smith, 902 S.W.2d at 315; State v. Warren, 779 S.W.2d 751 (Mo.App. S.D. 1989). Here, Appellant repeatedly held Victim's head under water while she was bound and gagged. When Victim attempted to flee the house, Appellant stopped her and choked her. Appellant told Victim he should have killed her the night before. These actions constitute "physical intimidation or violence which, if repeated or carried further, could have seriously injured the victim or threats of or the propensity to commit violence which, if carried out, could have seriously injured the victim." Smith, 902 S.W.2d at 315; State v. Brokus, 858 S.W.2d 298, 301 (Mo.App. E.D. 1993).

Accordingly, for the foregoing reasons, the trial court did not err in denying Appellant's motion for judgment of acquittal of the charge of felonious restraint at the close of evidence because there was sufficient evidence presented from which reasonable persons could have found him guilty of said charge. Point II is denied.

Point III – Clerical Error in Written Judgment

The indictment charged Appellant with Count I - second-degree domestic assault, Count II - forcible sodomy, and Count III - felonious restraint. The jury found Appellant not guilty of

8

second-degree domestic assault (Count I), and guilty of forcible sodomy and felonious restraint (Counts II and III). However, the written judgment reflects Appellant was found guilty of forcible sodomy and felonious restraint incorrectly denoted as Counts I and II, respectively, instead of Counts II and III. As such, the judgment contains clerical errors in this regard, which the State concedes.

The trial court may correct clerical mistakes in the judgment that result from oversight or omission. Rule 29.12(c). The trial court's failure to accurately record that Appellant was found guilty of Counts II and III and not guilty of Count I is a clerical mistake and can be corrected on remand. State v. Smith, 456 S.W.3d 849, 853 (Mo.banc 2015). Point III is granted.

Conclusion

The judgment and sentence of the trial court is remanded for correction of the clerical error as set forth in Point III and is affirmed in all other respects.

_____
SHERRI B. SULLIVAN, P.J.

Kurt S. Odenwald, J., and
Lisa P. Page, J., concur.