

# Missouri Court of Appeals

## Southern District

### In Division

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent, | ) |
| | ) No. SD37771 |
| vs. | ) |
| | ) FILED: April 22, 2024 |
| STEVEN EUGENE HARDCASTLE, | ) |
| | ) |
| Appellant. | ) |

### APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Michael Pritchett, Judge

**<u>AFFIRMED</u>**

A jury found Steven Hardcastle ("Defendant") guilty of statutory sodomy in the first degree (Count I), and two counts of sexual abuse in the first degree (Counts III and IV).[1]  *See* sections 566.062 and 566.100.  Defendant was sentenced to 30 years imprisonment on Count I; 15 years imprisonment on Count III to run concurrently to Count I; and 15 years imprisonment on Count IV to run consecutive to Counts I and III, for a total of 45 years.  Defendant appeals his conviction on Counts III and IV, arguing the evidence adduced at trial was insufficient to prove beyond a reasonable doubt that Defendant subjected the victim ("Victim") to sexual contact by

---

[1] The trial court granted the Defendant's motion for acquittal on Count II, statutory rape in the first degree (section 566.032, RSMo).  All statutory references are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017.

the use of forcible compulsion. Finding no merit in Defendant's arguments, we affirm the judgment.

## Factual Background

The facts in this matter are "viewed in the light most favorable to the verdict." ***State v. McLemore***, 574 S.W.3d 342, 344 (Mo.App. 2019). In May of 2019, Victim, who was 13 years old, lived with her biological father. Victim's mother ("Mother") lived with Defendant, who was 45 years old. Victim visited Mother and Defendant once or twice a month. During her visits Mother and Defendant "would always get into a fight and he would yell at [Mother] and get in her face." Victim further testified Defendant would "sometimes hit stuff, like the wall," and that Victim was afraid of him.

When Victim arrived for a visit on the day of the incident, Mother was sleeping on a mattress behind the couch in the living room. Mother got up to let Victim inside the house but returned to the mattress and went back to sleep. When Defendant arrived later, Victim was sitting on the couch petting a puppy. He sat down next to her and began petting the puppy, but then he touched Victim's genitals outside of her clothing. She pushed his hand away, but he lifted her up and inserted his fingers in her vagina. Defendant also touched her breasts and placed his mouth and lips on her genitals. Defendant said, "Don't tell no one."

Victim did not try to wake mother up because she thought "it would have been worse" based on what she had seen from Defendant on her previous visits to Mother's house. Defendant then grabbed Victim by her wrist and took her to the kitchen. He took his pants off and told Victim to finish taking her pants off. Defendant again told Victim not to tell anyone. Victim testified she was "afraid." Defendant let go of Victim and she went into the living room, where she woke up Mother and asked to use her phone. Victim went outside and called her aunt

2

("Aunt"). When Aunt arrived, Victim ran to her, hugged her, and told her she wanted to leave. When Aunt asked Victim why she wanted to leave, Victim told her that Defendant had touched her. They next went to Aunt's house. Victim's grandmother, father and the police arrived, but Victim did not tell them about the incident. When asked at trial why she did not tell them, she testified, "I didn't want to talk about it right then."

## Standard of Review

"When considering the sufficiency of the evidence on appeal, this Court must determine whether sufficient evidence permits a reasonable juror to find guilt beyond a reasonable doubt." *State v. Boyd*, 659 S.W.3d 914, 925 (Mo. banc 2023) (internal quotation marks omitted). "In making that determination, great deference is given to the trier of fact, and an appellate court will not weigh the evidence anew." *Id.* (internal quotation marks omitted). "We accept all evidence and reasonable inferences therefrom in support of the defendant's guilt as true, and we disregard all evidence and inferences to the contrary." *McLemore*, 574 S.W.3d at 344 (internal quotation marks omitted).

## Discussion

Defendant asserts the evidence presented at trial was insufficient to convict him on Counts III and IV because no reasonable juror could have found that Defendant subjected Victim to sexual contact by the use of forcible compulsion. Because the arguments are the same for each point we consider them together for ease of analysis.

Under section 566.100, "[a] person commits the offense of sexual abuse in the first degree if he or she subjects another person to sexual contact . . . by the use of forcible compulsion." "Forcible compulsion" is defined as either: "(a) physical force that overcomes reasonable resistance; or (b) a threat, express or implied, that places a person in reasonable fear of death, serious physical injury, or kidnapping of such person or another person." Section

3

556.061(27).  "Physical force is simply force applied to the body." ***State v. Flores-Martinez***, 654 S.W.3d 402, 414 (Mo.App. 2022) (internal quotation marks omitted).  "The force involved need not come after the victim has physically resisted, and must be calculated to overcome the victim's resistance and complete the charged sexual act." ***Id.*** at 414-15 (internal quotation marks omitted).  Victim's testimony that Defendant lifted her up and touched her genitals permit a reasonable fact-finder to find that he applied physical force to Victim's body.

The remaining question is whether a reasonable fact-finder could have found that the "force applied overcame reasonable resistance." ***Id.*** at 414.  "Reasonable resistance is that which is suitable under the circumstances." ***Id.*** (internal quotation marks omitted).  "[T]he law does not require or expect utmost resistance to a sexual assault when it appears that such resistance would be futile or would provoke a more serious injury." ***State v. Vandevere***, 175 S.W.3d 107, 109 (Mo. banc 2005) (internal quotation marks omitted).  As the Supreme Court of Missouri has explained:

> In determining if the force used is sufficient to overcome reasonable resistance, the court does not look to any single fact but to the totality of the circumstances. Among the factors taken into account in considering the totality of the circumstances are whether violence or threats precede the sexual act; the relative ages of the victim and accused; the atmosphere and setting of the incident; the extent to which the accused was in a position of authority, domination, and control over the victim; and whether the victim was under duress.  Each case necessarily turns on its own facts.

***State v. Niederstadt***, 66 S.W.3d 12, 15 (Mo. banc 2002) (internal citations omitted).

The State presented ample evidence at trial to support Defendant's convictions for sexual abuse as noted above.  In this situation, the disparity in ages, the location of the incident, and the position of authority and control which Defendant occupied support a conclusion beyond a reasonable doubt by a reasonable fact-finder that Victim's resistance in pushing Defendant's hand away was reasonable and suitable under the circumstances.  A reasonable fact-finder could

4

also conclude that Defendant's actions in overcoming Victim's resistance by continuing to touch her genitals and breast were calculated to overcome her resistance and complete the charged sexual act by forcible compulsion.  There was sufficient evidence to permit a reasonable fact-finder to conclude beyond a reasonable doubt that Defendant subjected Victim to sexual contact by the use of forcible compulsion.  Points I and II are denied.

## Decision

The judgment of the trial court is affirmed.

BECKY J.W. BORTHWICK, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS