No. 2—09—0900
Opinion filed March 16, 2011

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 08—CF—580 |
| ILDIFONSO CERVANTES, | ) ) | Honorable Charles D. Johnson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the judgment of the court, with opinion.
Justices Schostok and Birkett concurred in the judgment and opinion.

**OPINION**

Following a bench trial, defendant, Ildifonso Cervantes, was convicted of resisting a peace officer (720 ILCS 5/31—1(a—7) (West 2008)). The offense was a Class 4 felony because defendant's conduct proximately caused injuries to an officer. Defendant appeals, contending that his act of running from the police was not the proximate cause of the officer's injuries. We affirm.

Defendant was charged with two counts of aggravated driving under the influence (625 ILCS 5/11—501(d) (West 2008)), driving with a revoked license (625 ILCS 5/6—303(d) (West 2008)), resisting a peace officer (720 ILCS 5/31—1(a—7) (West 2008)), and aggravated fleeing and eluding (625 ILCS 5/11—204.1(a)(4) (West 2008)). The trial court conducted a bench trial. We set out only the evidence relating to the charge of resisting a peace officer.

Round Lake Beach police officer Kenneth Lupi testified that, on February 10, 2008, he received a report of a hit-and-run accident. He arrived at the address reported and saw a car that appeared to have been struck by another car. He noticed a blue Cadillac leaving the area. He activated his overhead lights and followed the Cadillac onto Lake Shore Drive. When the Cadillac did not stop, Lupi activated his siren; however, the Cadillac continued north on Lake Shore Drive.

Lupi saw the Cadillac drive through two stop signs without stopping. Eventually, he turned off his lights and siren because the Cadillac began to skid on ice and snow covering the road. After that, the Cadillac began to obey all traffic laws before stopping at a stop sign at 1500 Hainesville Road. The Cadillac soon pulled over in the vicinity of Williams Avenue and the driver got out. The driver, whom Lupi identified as defendant, began running through woods and backyards. Lupi chased defendant with the help of Sergeant Wayne Wilde, who had also arrived on the scene.

The weather was snowy, with temperatures below zero. Both Lupi and Wilde fell several times while chasing defendant. The pair chased defendant for about one minute before defendant fell and Wilde was able to catch up to him and keep him on the ground while a third officer handcuffed him.

Lupi testified that Wilde sustained abrasions to his shin, his little finger, and the side of his head. Lupi stated that Wilde injured his head when he slipped on an icy driveway on Williams Avenue. He injured his shin climbing a fence, and he injured his little finger falling on ice.

Wilde testified that he was behind Lupi's car as Lupi followed the Cadillac. Wilde saw the Cadillac pull off the road. The driver, whom he identified as defendant, fled through a backyard. Wilde exited his squad car and ordered defendant to stop. However, defendant continued running. Wilde chased him for about a minute. During the chase, Wilde sprained the little finger on his left hand and suffered abrasions on the left side of his forehead and his right shin from "hopping a fence."

On cross-examination, Wilde acknowledged that defendant did not push or shove him. Rather, he slipped and fell on an icy driveway.

The court found defendant guilty of felony resisting a peace officer, noting that defendant should have foreseen that, upon running from the police, the officers would follow him. The court sentenced defendant to 18 months' probation including 90 days in the county jail. Defendant timely appeals.

Defendant contends that the State failed to prove beyond a reasonable doubt that defendant's conduct proximately caused Wilde's injuries. He maintains that he did not punch or kick the officer and that the weather conditions on the date in question were such an extraordinary circumstance that defendant's conduct cannot be deemed the proximate cause of the officer's injuries.

One is guilty of resisting or obstructing a peace officer when he or she "knowingly resists or obstructs the performance by one known to the person to be a peace officer *** of any authorized act within his official capacity." 720 ILCS 5/31—1(a) (West 2008). Moreover, a "person convicted for a violation of this Section whose violation was the proximate cause of an injury to a peace officer *** is guilty of a Class 4 felony." 720 ILCS 5/31—1(a—7) (West 2008). Thus, to convict defendant of a felony, the State had to prove that defendant's conduct proximately caused injury to a peace officer.

We note that subsection (a—7) is written as if proximate cause is in the nature of a sentencing enhancement. Subsection (a—7) provides that a "person convicted for a violation of this Section whose violation was the proximate cause of an injury to a peace officer *** is guilty of a Class 4 felony." 720 ILCS 5/31—1(a—7) (West 2008). Thus, read literally, the statutory enhancement does not apply until after an offender has been "convicted," in other words, at sentencing. Nevertheless, because proximate cause elevates the sentencing range, it is actually in the nature of an element of the felony offense, and the State had to prove it beyond a reasonable doubt. *Apprendi v. New Jersey*,

530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

Defendant challenges the sufficiency of the evidence. When a defendant makes such a challenge, the question is whether, after viewing all the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, the fact in question. *People v. Lee*, 213 Ill. 2d 218, 225 (2004).

Defendant argues that his conduct did not proximately cause Wilde's injuries, because they resulted not from any act of defendant but from the severe weather conditions. Defendant posits that the weather was an extraordinary circumstance for which he cannot be held liable. We disagree.

Our research has not disclosed any case specifically interpreting subsection (a—7). However, both parties rely on *People v. Hudson*, 222 Ill. 2d 392 (2006). There, the defendant was convicted of felony murder after an off-duty police officer shot and killed a codefendant while resisting a robbery attempt. The defendant contended that the trial court erred by instructing the jury that the defendant's actions had to cause the victim's death but omitting an element of causation, foreseeability. The supreme court noted that Illinois law provides that a defendant may be charged with felony murder under the " 'proximate cause' " theory, *i.e.*, that his acts were a proximate cause of the victim's death. *Id.* at 401. Although the supreme court found the instructions at issue adequate, it emphasized that foreseeability was indeed an element of proximate causation for purposes of the felony-murder statute, stating:

> "In general, Illinois law provides that a defendant may be charged with murder pursuant to the 'proximate cause' theory of felony murder. *People v. Lowery*, 178 Ill. 2d 462 (1997). The term 'proximate cause' describes two distinct requirements: cause in fact and legal cause. *First Springfield Bank & Trust v. Galman,* 188 Ill. 2d 252, 257-58 (1999). We

have stated, 'We believe that the analogies between civil and criminal cases in which individuals are injured or killed are so close that the principle of proximate cause applies to both classes of cases. Causal relation is the universal factor common to all legal liability.' *Lowery,* 178 Ill. 2d at 466. Legal cause 'is essentially a question of foreseeability'; the relevant inquiry is 'whether the injury is of a type that a reasonable person would see as a likely result of his or her conduct.' *Galman,* 188 Ill. 2d at 258. Foreseeability is added to the cause-in-fact requirement because 'even when cause in fact is established, it must be determined that any variation between the result intended *** and the result actually achieved is not so extraordinary that it would be unfair to hold the defendant responsible for the actual result.' 1 W. LaFave, Substantive Criminal Law §6.4, at 464 (2d ed. 2003)." *Id.*

Here, the trial court reasonably found that defendant's conduct of leading the officers on a chase through ice- and snow-covered yards and driveways proximately caused Wilde's injuries. Contrary to defendant's argument, the wintery conditions were not the type of "extraordinary circumstance" that would break the causal connection. Defendant was presumably aware of the weather conditions. When he chose to run from the pursuing police, it was reasonably foreseeable that the officers would continue the chase on foot and, in doing so, might be injured by falling on the snow or ice. It is simply not extraordinary to slip on ice in February. Moreover, Wilde testified that he suffered additional injuries by climbing a fence, which was apparently not related to the weather conditions at all. Again, defendant should reasonably have foreseen that a pursuing officer might be injured by a fall.

Defendant, citing a comment to the Illinois Pattern Jury Instruction defining proximate cause, contends that a defendant's actions must be the *sole* proximate cause of an officer's injury. The comment refers to a case from this court "discuss[ing] a principle of statutory construction when 'the' is used instead of 'a.' " Illinois Pattern Jury Instructions, Criminal, No. 4.24 (West, Westlaw through

2008 update), Committee Note (citing *Sibenaller v. Milschewski*, 379 Ill. App. 3d 717, 721-22 (2008)). *Sibenaller* observed that using the article "the" usually refers to a specific thing, usually one that has already been mentioned, as opposed to "a" or "an," which can refer to a number of things. *Sibenaller,* 379 Ill. App. 3d 722.

While we do not dispute this principle, the statute at issue does not refer to "the proximate cause," but refers only to an injury "proximately caused" by a defendant's conduct. 720 ILCS 5/31—1(a—7) (West 2008). In the analogous context of felony murder, courts have routinely held that the State need not prove that a defendant's acts were the sole and immediate cause of death but, rather, must show that the defendant's acts were a contributing cause of death, such that death did not result from a source unconnected with or independent of those acts. See *People v. Jones*, 376 Ill. App. 3d 372, 387 (2007); *People v. Martin*, 112 Ill. App. 3d 486, 499 (1983). Here, it is clear that defendant's act of running from the officers was a contributing cause of Wilde's injuries, although it was not the only cause.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.