

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,                    )
                                       )
    Plaintiff-Respondent,       )
                                       )
v.                                     )    No. SD38308
                                       )
JORDAN NICCOLE WILLIAMS,               )    Filed: **April 28, 2025**
                                       )
    Defendant-Appellant.        )

APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Michael M. Pritchett, Judge

**<u>AFFIRMED</u>**

Following a bench trial, Jordan Niccole Williams ("Defendant") appeals the trial court's judgment convicting her of abuse or neglect of a child resulting in serious physical injury under §568.060.[1]  Defendant asserts two points on appeal: (1) that the Amended Information ("Information") failed to set forth the crime charged by failing to allege "specific actions" by Defendant, and (2) that the State did not present sufficient evidence that Defendant caused Victim's serious physical injuries by failing to protect him from serious physical abuse.  Because Defendant fails to show the Information was insufficient, and because there was sufficient evidence to support Defendant's conviction for child abuse or neglect, we affirm.

---

[1] All statutory references are to RSMo 2016.

## Factual Background and Procedural History

The facts, viewed in the light most favorable to the verdict, are as follows:[2]

Victim was born to Defendant and his father ("Father") in August of 2019.  In the following weeks, Defendant took Victim to a pediatrician three times for regular newborn checkups.  No injuries were present during these checkups, and Victim appeared to be healthy.  Victim's one-month checkup was scheduled for September 19th, but the family canceled the checkup and rescheduled it for a few dayslater on September 23rd.

At that appointment, Victim was accompanied by Father.  Despite being at each of the previous checkups, Defendant did not attend.  Victim had lost five percent of his body weight and was "emaciated," "lethargic," and "severely fussy."  Victim had large bruises on the left side of his skull that were immediately apparent to staff.  Father had brought in a bottle of breast milk that he was trying to feed Victim, but Victim would not take it.  Victim's pediatrician, ("Pediatrician 1") was concerned about Victim's brother, who was about sixteen months old at the time, and who was reaching for the bottle.  As a result, Pediatrician 1 had the bottle tested.  The breast milk in the bottle later tested positive for methamphetamine.

Pediatrician 1 consulted her partner ("Pediatrician 2"), about Victim.  Upon seeing Victim, Pediatrician 2 was immediately concerned for Victim's life and wanted to transfer him to the emergency room.  Father was irate and refused to sign the consent to transfer Victim to the emergency room, so law enforcement signed the consent to transfer.  Victim was air-lifted to St. Louis Children's Hospital.

Upon arrival at St. Louis Children's Hospital, Victim was suffering from seizures and had difficulty breathing.  Victim was diagnosed with two skull fractures, a clavicle fracture, a

---

[2] *State v. Lavender*, 680 S.W.3d 119, 122 (Mo. App. S.D. 2023).

buckle fracture to his tibia, and a liver laceration. A child abuse pediatrician ("Child Abuse Pediatrician"), concluded that Victim had been abused.

Defendant was charged by Information with the class B felony of abuse or neglect of a child under §568.060:

> in that on or about September 23, 2019, in the County of Butler, State of Missouri, the defendant was responsible for the care, custody and control of [Victim,] a child less than eighteen years of age, and neglected [Victim] by failing to protect [Victim] from serious physical abuse and as a result, defendant knowingly caused [Victim] to suffer serious physical injury.

At trial, in addition to the facts noted above, Child Abuse Pediatrician testified to a rough timeline of events. She stated the clavicle and tibia injury were probably about a week old and the liver laceration and skull fractures were likely very acute, happening around the date Victim was brought to the hospital. Child Abuse Pediatrician also testified that Victim would have been in a lot of pain, "crying, not eating, maybe vomiting." Child Abuse Pediatrician further testified that Victim was "very underweight for his age" and, based on his condition and the nature of the injuries, had been abused and neglected.

A law enforcement officer testified that Defendant told him that she was always within an arm's length of Victim, and that she had no idea how Victim could have gotten his injuries. She also stated that Victim did not display any symptoms of pain or injury.

A Children's Division investigator ("Investigator"), testified to her belief that Defendant's neglect caused Victim's injuries. Upon her investigation, Victim's injuries were immediately visible. She also testified that she believed Father perpetrated the abuse.

The trial court found Defendant guilty, and this appeal followed. The standard of review for each of Defendant's points varies. We will therefore discuss the applicable standard of review in the analysis of each point.

3

**Analysis**

**Point I**

Defendant's first point alleges the State failed to properly charge the offense and the Information did not contain sufficient detail allowing her to prepare a defense for trial.

I.     *The Information did not fail to charge the offense*

This Court's review of the sufficiency of an information to state an offense is a question of law which we review *de novo*.  **State v. Minnick**, 677 S.W.3d 556, 558 (Mo. App. W.D. 2023).  "The test for whether an information is sufficient is: (1) whether the information contains all essential elements of the offense as set out in the statute creating the offense, and (2) whether it clearly apprises the accused of the facts constituting the offense."  **Id.** at 558-59 (internal citations omitted).  "The purpose of an information is to inform the accused of the charges against [her] so that [s]he may prepare an adequate defense and to prevent retrial on the same charges in case of an acquittal."  **Id.** at 561 (citing **State v. Hendricks**, 619 S.W.3d 171, 183 (Mo. App. W.D. 2021)).

Rule 23.01(b)(2)[3] requires that an information "[s]tate plainly, concisely, and definitely the essential facts constituting the elements of the offense charged[.]"  To be sufficient, "an information must contain the essential elements of the offense charged as set out in the statute . . . that define the offense."  **Williams v. State**, 205 S.W.3d 300, 306 (Mo. App. W.D. 2006) (internal citations omitted).  "A charging instrument will ordinarily meet this standard if it cites the statutory section outlining the crime for which the defendant is charged."  **Minnick**¸ 677 S.W.3d at 561 (internal citations omitted).  "All . . . informations that are substantially consistent

---

[3] All rule references are to Missouri Court Rules (2023).

with the forms of . . . informations that have been approved by [the Supreme Court of Missouri] shall be deemed to comply with the requirements of [Rule 23.01(b)]." Rule 23.01(b).

Here, the Information: (1) cited the statutory section outlining the crime charged; and (2) was substantially consistent with an information for such a charge that has been approved by the Supreme Court of Missouri. *Minnick*, 677 S.W.3d at 561; *see also* Rule 23.01(b). The Information cites to §568.060, outlining the crime charged, and contains near identical language to that contained in the Missouri Approved Charges – Criminal (MACH-CR) 22.12 (2017).[4] Thus, the Information adequately charged the offense.

II. *The Information contained sufficient detail to apprise Defendant of facts necessary to her defense*

---

[4] The State's Information charged Defendant as follows:

> The Prosecuting Attorney of the County of Butler, State of Missouri, charges that the [D]efendant, either acting alone or knowingly in concert with another, in violation of Section 568.060, RSMo, committed the class B felony of abuse or neglect of a child, punishable upon conviction under Sections 558.002 and 558.011 in that on or about September 23, 2019, in the County of Butler, State of Missouri, the defendant was responsible for the care, custody and control of [Victim] a child less than eighteen years of age, and neglected [Victim] by failing to protect [Victim] from serious physical abuse and as a result, [D]efendant knowingly caused [Victim] to suffer serious physical injury.

The Information is substantially consistent with the charging language suggested in the Missouri Approved Charges, which states:

> The (Prosecuting Attorney) of the (County) of _____, State of Missouri, charge(s) that the defendant, in violation of Section 568.060, RSMo, committed the class (B) felony of abuse or neglect of a child, punishable upon conviction under Section [*Insert the applicable section numbers . . .* ], RSMo, in that (on or about) [*date*] in the (County) of _____, State of Missouri, the defendant was responsible for the care, custody and control of [*Identify victim.*], a child less than eighteen years of age, and neglected [*Identify victim.*] by [*Describe conduct constituting neglect.*] and as a result defendant knowingly caused the child to suffer (physical) (mental) injury (.) ((and, [*Insert one of the following . . .* ] [1] the injury inflicted was serious (emotional) (physical) injury on [*Identify victim.*]

MACH-CR 22.12.2.

The Information also clearly apprised Defendant of the essential facts of the offense charged. "If the information is insufficient to 'advise [the defendant] of the conduct by which the offense was allegedly committed,' then the defendant may file a motion for a bill of particulars requesting additional facts about the offense such that the defendant can prepare for trial." ***State v. Bracy***, 670 S.W.3d 159, 165 (Mo. App. E.D. 2023) (quoting ***State v. Williams***, 126 S.W.3d 377, 383 (Mo. banc 2004), and Rule 23.04). "Unless the claimed defects [in the information] are of such stature that the information did not, by any reasonable construction, charge the offense of which [the] defendant was convicted or its content was so lacking that it deprived [the] defendant of the ability to prepare a defense or ascertain if double jeopardy would apply, they are of no consequence." ***State v. Musil***, 935 S.W.2d 379, 382 (Mo. App. S.D. 1996).

"The '[f]ailure to file a motion for a bill of particulars waives the right to later complain of lack of detail in the information, provided the alleged lack of detail does not render the information wholly insufficient.'" ***Bracy***, 670 S.W.3d at 165 (quoting ***State v. Fults***, 719 S.W.2d 46, 50 (Mo. App. E.D. 1986), and Rule 24.04(b)(2)). Here, Defendant failed to file a motion for a bill of particulars and thus waived any complaint that the Information lacked necessary detail, short of the Information being "wholly insufficient."[5]

As pleaded, the Information here adequately charged the offense and is not "wholly insufficient." The Information stated that it was charging Defendant under §568.060 and that such offense would be a class B felony. The Information explains how Defendant neglected Victim. In particular, it states that Defendant "was responsible for the care, custody and control of [Victim] a child less than eighteen years of age, and neglected [Victim] by failing to protect

---

[5] The State alleges that Defendant waived this argument by failing to include it in her point relied on and by failing to request the appropriate remedy. Regardless, because the Information was sufficient, Defendant's point has no merit.

6

[Victim] from serious physical abuse and as a result, [D]efendant knowingly caused [Victim] to suffer serious physical injury."

Defendant's Point I is denied.

## Point II

Defendant's Point II alleges that the trial court erred in overruling Defendant's Motion for Judgment of Acquittal at the close of all the evidence "because the State did not prove the offense beyond a reasonable doubt . . . and that the State did not present sufficient evidence from which the trier of fact could have reached a 'subjective state of near certitude' that the Defendant's [sic] knowingly caused [Victim's] serious physical injury by 'failing to protect [Victim] from serious physical abuse.'"

The State argues, and we agree, that this point is multifarious and does not comply with the requirements of Rule 84.04(d)(1). "A point relied on violates Rule 84.04(d) when it groups together multiple, independent claims rather than a single claim of error, and a multifarious point is subject to dismissal." *Farr v. State*, 665 S.W.3d 394, 398 (Mo. App. S.D. 2023) (internal citations omitted). "A point relied on which does not state 'wherein and why' the trial court erred does not comply with Rule 84.04(d) and preserves nothing for appellate review." *Storey v. State*, 175 S.W.3d 116, 126 (Mo. banc 2005) (quoting *Avis Rent-A-Car Sys. Inc., v. Howard*, 133 S.W.3d 122, 123 (Mo. App. E.D. 2004)). However, because it is our preference to decide cases on the merits where an appellant's argument is understandable, we will exercise our discretion to review this point on its merits. *State v. Putfark, IV*, 651 S.W.3d 869, 879-80 (Mo. App. W.D. 2022) (citing *State v. Dodd*, 637 S.W.3d 659, 666 (Mo. App. WD. 2021)).

Although Defendant's point relied on "leaves us to speculate about the specific legal rulings that [Defendant] challenges, what legal reasons [she] relies upon to support [her claim] of

error, and why, in the context of this case, [her] legal reasons support [her claim] of error," Defendant's argument appears to focus on the sufficiency of the evidence as to whether or not Defendant caused Victim's injuries. *State v. Yount*, 2025WL601275 at *3 (Mo. App. S.D. Feb. 25, 2025). "While the better practice is to preserve specific claims of error for review, arguments concerning sufficiency of the evidence, even those not preserved for appeal, are reviewed on the merits, not for plain error." *State v. Hartwein*, 648 S.W.3d 834, 844 (Mo. App. E.D. 2022) (quoting *State v. Zetina-Torres*, 482 S.W.3d 801, 808-09 (Mo. banc 2016)).

When reviewing the sufficiency of the evidence to support a criminal conviction, this court's review is limited to determining whether there is sufficient evidence from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Royal*, 703 S.W.3d 650, 658 (Mo. App. W.D. 2024). "[T]he standard used to review the sufficiency of the evidence in a court-tried and a jury-tried criminal case is the same." *State v. Wolf*, 690 S.W.3d 621, 624 (Mo. App. S.D. 2024) (quoting *State v. Laughridge*, 395 S.W.3d 605, 607 (Mo. App. S.D. 2013)). "All evidence and inferences favorable to the State are accepted as true, and all evidence and inference[s] to the contrary are rejected." *Royal*, 703 S.W.3d at 658 (citing *State v. Stover*, 388 S.W.3d 138, 146 (Mo. banc 2012)).

Section 568.060 criminalizes child abuse and neglect, stating:

2. A person commits the offense of abuse or neglect of a child if such person knowingly causes a child who is less than eighteen years of age:

(1) To suffer physical or mental injury as a result of abuse or neglect; or

(2) To be placed in a situation in which the child may suffer physical or mental injury as the result of abuse or neglect.

The offense is a class B felony where the injury inflicted on the child is a serious physical injury. §568.060.5(1).

8

Defendant argues that the evidence was not sufficient to support her conviction because "[t]he State failed to show any evidence as to how, where, when, and who inflicted injuries upon [Victim;]" and because "[i]n a child neglect case[,] mere failure to protect the child from serious physical abuse is not enough to sustain a conviction."

Section 568.060 requires the State to show that Defendant knowingly caused Victim's injuries. In the context of child neglect, a person acts knowingly when she is aware that her conduct "presents a substantial probability" of injury. §568.060.1(4). Because direct evidence of knowledge is rarely available, knowledge can be proven by "reasonable inferences drawn from the circumstances surrounding the incident." *State v. Burrell*, 160 S.W.3d 798, 803 (Mo. banc 2005).

"[C]hild neglect requires causation to be proven beyond a reasonable doubt." *State v. Baker*, 618 S.W.3d 551, 558 (Mo. App. E.D. 2020). This requires a showing of actual causation. *Id.* at n.5. For a defendant to be liable for a criminal act, her conduct must be both the actual and proximate cause of the result. *State v. Burton*, 370 S.W.3d 926, 931 (Mo. App. E.D. 2012). "Conduct ordinarily constitutes the actual cause of a particular result where 'but for' the conduct, the result would not have occurred. 'Proximate cause,' in simplified terms, is cause legally sufficient to result in liability." *Id.*

In arguing that "mere failure to protect the child from serious physical abuse is not enough to sustain a conviction," Defendant cites the decision in *Baker*. In *Baker*, the defendant gave birth to the infant victim prematurely, at home, and did not seek medical care. 618 S.W.3d at 558. The infant died, and the defendant was convicted of second-degree murder. *Id.* at 556. Because medical testimony did not prove that the infant's injuries would not have occurred but-for the defendant's post-birth neglect, the judgment was reversed on appeal. *Id.* at 559.

*Baker* is distinguishable from this case. In *Baker*, the State did not provide any medical testimony that the baby's death would not have occurred but for the defendant's actions. 618 S.W.3d at 558. Further, there was no medical testimony explaining how medical treatment would have alleviated the victim's injuries. *Id.* at 559. The trial court in *Baker* "[could] not conclude that but for the [victim] not receiving treatment, he would not have suffered the same physical injuries." *Id.*

Here, by contrast, Pediatrician 1, Pediatrician 2, and Child Abuse Pediatrician testified that Victim's injuries were caused by abuse. On top of that, Investigator testified that Father likely caused the abuse and that, because Defendant was always within an arm's reach of Victim, Defendant would have been aware of the abuse. Defendant's argument that failure to protect a child from physical abuse cannot sustain a conviction is without merit. Missouri Courts have previously held that failure to protect a child from physical abuse is enough to sustain a conviction. *See Burrell*, 160 S.W.3d at 803 (holding that there was a "clear causal relation between [m]other's conduct in placing [c]hild in contact with [f]ather, refusing to seek timely medical attention, and the death of [c]hild" where the father abused the child and caused the child's death), and *State v. Cole*, 384 S.W.3d 318, 329 (Mo. App. S.D. 2012).

Thus, the question we must answer is whether the State submitted sufficient evidence to permit the Court to find that Victim's abuse was caused by the act alleged in the Information. *See State v. Usnick*, 585 S.W.3d 298, 304 (Mo. App. W.D. 2019). As applied here, "[t]he State had the burden to prove beyond a reasonable doubt that [Defendant] knowingly caused [Victim's] physical injury[.]" *Baker*, 618 S.W.3d at 555.

Accepting as true all evidence and inferences favorable to the State, *Royal*, 703 S.W.3d at 658, the evidence adduced at trial was sufficient to sustain Defendant's conviction.

10

Victim appeared emaciated and lethargic at the doctor's office on September 23, 2019. Victim's injuries would have been such that he would have been in a lot of pain and expressing symptoms. The bruises on Victim were immediately visible to those who viewed them. It was readily apparent to Pediatrician 2 that Victim was in danger of "crashing" and needed to go to the emergency room right away.[6] Upon arriving at the hospital, Victim was diagnosed with two skull fractures and a lacerated liver, which would have occurred within a few days of the Victim being examined.

Subsequent investigation determined that Victim had also suffered two previous injuries, a clavicle fracture and a tibia fracture. Both of these injuries occurred about a week before Victim's appointment on September 23rd, and would have also caused the child to be in a lot of pain and symptomatic. While Defendant said she did not know how the injuries occurred despite the fact that she was always within arm's length of the Victim, the fact-finder was permitted to infer that Defendant would have been aware of those injuries, neglected the injuries, and lied to law enforcement. This is consistent with the cancellation of Victim's one-month checkup, which would have been right around the time the initial injuries occurred. Defendant and Father were the only two adults who were with Victim during this period, and given the timeline of the events, Defendant would have had the opportunity to intervene and prevent further instances of abuse after Victim suffered the two initial injuries about a week prior to the more recent ones. See *Burrell*, 160 S.W.3d 798 (affirming the defendant's convictions for first-degree child endangerment and second-degree murder where the defendant continued to leave her child in the care of father after she witnessed the father abuse the child).

---

[6] Pediatrician 2 testified that "crashing" meant that she feared that Victim may not survive if he did not immediately receive emergency medical care.

Investigator testified that both parents were present when the injuries to Victim occurred and the abuse was perpetrated by Father.  It was not unreasonable for the fact-finder to infer that, by continuing to allow Victim to have contact with Father, Defendant "knowingly [caused Victim] to be placed in a situation in which [Victim] might suffer physical injury as a result of neglect[.]" *State v. Abel*, 590 S.W.3d 872, 874 (Mo. App. S.D. 2019).  Such evidence is sufficient to uphold a conviction for child neglect.  *See id.*  Defendant's Point II is denied.

**Conclusion**

The judgment of the trial court is affirmed.

MATTHEW P. HAMNER, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, C.J. – CONCURS

BECKY J. WEST, J. – CONCURS